IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAREERBUILDER, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| GEOTAG, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff CareerBuilder, LLC ("CareerBuilder") files this Complaint against Defendant GeoTag, Inc. ("GeoTag") and in support hereof alleges as follows:

### Nature of the Action

1. This is an action for a declaratory judgment of non-infringement and invalidity of United States Patent No. 5,930,474 (the "'474 Patent") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and for such other relief as the Court deems just and proper.

2. The relief is necessary because GeoTag has been asserting or threatening to assert infringement of the '474 Patent against CareerBuilder's job search database functionality without a proper basis. Specifically, on December 18, 2010, GeoTag sued at least one CareerBuilder customer, Sonic Corp. ("Sonic"), in the United States District Court for the Eastern District of Texas, *GeoTag, Inc. v. Royal Purple, Inc. et al.*, Case No. 2:10-cv-00575 ("Sonic Action"). GeoTag alleges in the Sonic Action that CareerBuilder's job search database functionality offered on Sonic's website infringes the '474 Patent even though the '474 Patent expressly disavows such functionality.

## The Parties

3. CareerBuilder is a limited liability company organized under the laws of the State of Delaware, with a principal place of business in Chicago, Illinois.

4. At the time of GeoTag's filing of the Sonic Action and until October 10, 2011, GeoTag was a corporation organized under the laws of the State of Delaware. On information and belief, GeoTag subsequently became a Texas corporation with a principal place of business in Frisco, Texas.

## Jurisdiction and Venue

5. The claims for declaratory judgment arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

6. There is an actual controversy between CareerBuilder and GeoTag regarding whether CareerBuilder's job search database functionality infringes the '474 Patent and as to the invalidity of the '474 Patent.

7. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202.

8. GeoTag has sued at least one CareerBuilder customer alleging infringement of the '474 Patent by CareerBuilder's job search database functionality offered on the customer's website. At least one CareerBuilder customer has demanded indemnification from CareerBuilder for GeoTag's claim of infringement of the '474 Patent.

9. This Court has personal jurisdiction over GeoTag, which was a Delaware corporation when actions giving rise to this case, including without limitation GeoTag's filing and prosecution of the Sonic Action, occurred.

10. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c).

**Patent-in-Suit**

11. The '474 Patent, entitled "Internet Organizer for Accessing Geographically and Topically Based Information," names on its face Peter D. Dunworth, John W. Veenstra, and Joan Nagelkirk as inventors (the "Named Inventors") and states that it was issued on July 27, 1999 (Exhibit A).

12. The '474 Patent is directed to a system associating on-line information with geographical areas initially irrespective of the topic of that information. Thus, the '474 Patent states: "That is, although the topic selections associated with a particular geographical area may be related by chance (e.g., a particular chain of restaurants may be owned by the same company as another chain of bakeries) the essential reason for grouping the topics together is that they are associated with the same geographic area. **Thus, such a system is distinguished from systems which have geographically differentiated listings for the same topic (such as job search databases which include information about jobs in different cities), since these listings are primarily related to the topic (e.g., jobs), not to the geographical area**." ('474 Patent, Col. 5, ll. 54-65) (emphasis added).

**Background**

13. CareerBuilder provides job search database functionality accessible through its own websites (*e.g.*, www.careerbuilder.com) as well as the websites of its customers (*e.g.*, www.areyousonicgood.com). CareerBuilder's job search database functionality includes and searches records that all relate to the same topic – jobs.

14. Over the past two years, GeoTag has accused more than 500 companies of infringing the '474 Patent in at least 20 separate lawsuits filed in the United States District Court for the Eastern District of Texas ("Texas Actions"), including in the Sonic Action.

15. GeoTag filed the Sonic Action on December 18, 2010.

16. GeoTag alleges in the Sonic Action that CareerBuilder's job search database functionality offered on Sonic's website (www.areyousonicgood.com) infringes the '474 Patent.

17. In addition to Sonic, GeoTag sued other CareerBuilder customers in the Texas Actions, and GeoTag's continued filing of additional complaints against other alleged infringers poses a significant risk that other CareerBuilder customers will be sued for infringement of the '474 Patent in the future.

18. Sonic has demanded that CareerBuilder indemnify it for GeoTag's claim of infringement of the '474 Patent asserted against Sonic because of its use of CareerBuilder's job search database functionality. Other CareerBuilder customers who are named defendants in the Texas Actions are also likely to demand indemnification from CareerBuilder. If GeoTag sues additional CareerBuilder customers, those customers will likely seek indemnification from CareerBuilder as well.

## Count I
### Declaratory Judgment of Non-Infringement of the '474 Patent

19. CareerBuilder realleges and incorporates herein by reference Paragraphs 1 through 18 of this Complaint.

20. GeoTag has accused at least one CareerBuilder customer of infringement of the '474 Patent because of that customer's use of CareerBuilder's job search database functionality.

21. CareerBuilder's job search database functionality does not infringe the '474 Patent, and the '474 Patent expressly disavows such functionality.

22. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between CareerBuilder and GeoTag as to CareerBuilder's non-infringement

of the '474 Patent, and this controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

23. CareerBuilder is entitled to a declaratory judgment that CareerBuilder's job search database functionality has not infringed and is not now infringing, directly, contributorily, or by inducement, any claim of the '474 Patent.

24. CareerBuilder is entitled to a declaratory judgment that CareerBuilder customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any claim of the '474 Patent by using CareerBuilder's job search database functionality.

## Count II
### Declaratory Judgment of Invalidity of the '474 Patent

25. CareerBuilder realleges and incorporates herein by reference Paragraphs 1 through 24 of this Complaint.

26. The '474 Patent is invalid because the purported inventions therein fail to meet the conditions for patentability specified in 35 U.S.C. §§ 102 and 103. For example, the '474 Patent is invalid under 35 U.S.C. §§ 102 and 103 in light of prior art job search database functionality available through www.careermosaic.com and www.monsterboard.com.

27. The '474 Patent is invalid for failure to meet the requirements of 35 U.S.C. § 112 because at least some claims of the '474 Patent are indefinite. For example, the limitation "wherein within said hierarchy of geographical areas at least one of said entries associated with a broader geographical area is dynamically replicated into at least one narrower geographical area" in claim 1 of the '474 Patent renders that claim indefinite.

28. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between CareerBuilder and GeoTag as to the invalidity of the '474 Patent,

and this controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

29.     CareerBuilder is entitled to a declaratory judgment that the '474 Patent is invalid.

**Prayer for Relief**

WHEREFORE, CareerBuilder respectfully requests that this Court enter a Judgment and Order:

A.     Declaring that CareerBuilder has not infringed and is not now infringing, directly, contributorily, or by inducement, any claim of United States Patent No. 5,930,474;

B.     Declaring that CareerBuilder customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any claim of United States Patent No. 5,930,474 by using CareerBuilder's job search database functionality;

C.     Declaring United States Patent No. 5,930,474 invalid;

D.     Preliminarily and permanently enjoining GeoTag from commencing or proceeding with any legal action arising out of United States Patent No. 5,930,474 against CareerBuilder or any of its customers;

E.     Declaring this case exceptional under 35 U.S.C. § 285 and awarding CareerBuilder its reasonable attorneys' fees, and cost of this action; and

F.     Awarding CareerBuilder such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

CareerBuilder respectfully demands a trial by jury on each issue and question so triable.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Jack B. Blumenfeld*

          Jack B. Blumenfeld (#1014)
          1201 North Market Street
          P.O. Box 1347
          Wilmington, DE 19899
          (302) 658-9200
          jblumenfeld@mnat.com

          *Attorneys for Plaintiff CareerBuilder, LLC*

OF COUNSEL:

David A. Nelson
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street
Suite 2450
Chicago, IL 60661
(312) 705-7400

Tigran Vardanian
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue
22nd Floor
New York, NY 10010-1601
(212) 849-7000

July 6, 2012